CLAUDE MICHAUD,

        Plaintiff,

v.

        Case No. 19-cv-1245-pp

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

        Defendant.

**ORDER DENYING WITHOUT PREJUDICE AMENDED MOTION FOR ATTORNEY FEES UNDER §406(b) (DKT. NO. 34)**

On April 13, 2020, the court reversed the decision of the Commissioner and remanded the case to the Social Security Commissioner under Sentence Four of 42 U.S.C. §405(g). Dkt. No. 23. The parties stipulated to an award of attorney fees under the Equal Access to Justice Act of $5,300, dkt. no. 30, which the court approved on March 15, 2021, dkt. no. 31. Over fifteen months later, after receiving a fully favorable decision from the Commissioner on July 29, 2021, the plaintiff filed a motion for attorneys' fees under §406(b)(1). Dkt. No. 34. Attorney Dana W. Duncan seeks an award of $5,425, which he indicates is the difference between the $5,300 in EAJA fees already provided and 25% of the disability insurance benefits withheld by the Social Security Administration for the payment of attorney fees. Id. at 2. The government filed a response stating that it does not oppose the motion. Dkt. No. 36.

1

## I. Legal Standard

An attorney who succeeds in obtaining benefits for a Social Security claimant may recover fees under 42 U.S.C. §406. "'Section 406(a) governs fees for representation in administrative proceedings before the Social Security Administration; § 406(b) controls fees for representation in federal court.'" Kopulos v. Barnhart, 318 F. Supp. 2d 657, 660 (N.D. Ill. 2004) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 794 (2002)). The statute provides for a reasonable fee not to exceed 25% of the past-due benefits awarded to the claimant. Id. at 661. The fees are deducted from the claimant's benefits and do not constitute an award against the government. Id.

A motion for fees under §406(b) requires court approval. Congress did not intend the court's review to override the claimant and counsel's fee arrangement but rather to act as an "independent check" to ensure the arrangement yielded a reasonable result. Gisbrecht, 535 U.S. at 807. Within the 25% boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Id. In making its determination, the court may consider the character of the representation and the results obtained, reducing the award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time the counsel spent on the case that the fee would constitute a windfall for the attorney. Id. at 808.

**II. Analysis**

The plaintiff signed a contract with Attorney Duncan on May 6, 2018, agreeing to a 25% total fee for representation before the agency and the court. Dkt. No. 34-1 at 1. The agreement stated:

> If I lose my administrative hearing and I win my case later, the fee will be twenty-five percent (25) of *all back benefits* (including DIB, SSI, widows, and dependent) *awarded in my case.*

Id. (original emphasis).

Section 406(b) places two limitations on attorney's fee awards: a cap of 25% and a reasonableness requirement. The award the plaintiff's counsel has requested does not exceed the first of those limitations; it does not exceed the 25% cap.

The overall rate of Attorney Duncan's work was $550 per hour before factoring in paralegal hours. The court finds that this hourly amount is reasonable for the benefit provided to the plaintiff; it previously has permitted payments in excess of $1,000 per hour. Mentecki v. Colvin, No. 14-cv-1110-pp, 2019 WL 3323874, *2 (E.D. Wis. July 24, 2019) (citing Peterson v. Colvin, No. 12-cv-391 at Dkt. No. 32 (E.D. Wis. Sep. 3, 2015); Kolp v. Colvin, No. 12-cv-842, 2015 WL 4623645, at *2 (E.D. Wis. Aug. 3, 2015)).

Attorney Duncan bases his request for an award of fees on the following calculation:

```
  $10,725.00 (25% of the DIB award)
-  $5,300.00 (EAJA fees awarded
   $5,425.00 Total sought from this court
```

3

Dkt. No. 34 at 2. The court has concerns about Attorney Duncan's request for a couple of reasons.

First, Attorney Duncan indicates that 25% of the past due benefits is $10,725, but the Social Security Administration actually withheld $12,870.38, dkt. no. 34-2 at 2, so the starting point in his calculation appears to be in error. Attorney Duncan states that he will be seeking administrative fees; perhaps he is deducting that anticipated amount from the 25% withheld by the Social Security Administration to arrive at his $10,725 amount. But the 25% cap in §406(b) "applies only to fees for representation before the court, not the agency." Culbertson v. Berryhill, ___ U.S. ___, 139 S. Ct. 517, 522 (2019).

Second, Attorney Duncan is asking the court to consider a net payment reflecting an offset for the EAJA award of $5,300, rather than proposing to refund that amount to the plaintiff. Where the plaintiff's attorney receives fees under the EAJA and §406(b), the attorney must refund to the plaintiff the smaller fee. Gisbrecht, 535 U.S. at 796. The Seventh Circuit Court of Appeals has stated that a "netting" arrangement of the type requested by Attorney Duncan is "'disfavore[d]' in light of the Savings Provision's language that anticipates an attorney to claimant refund." O'Donnell v. Saul, 983 F.3d 950, 957 (7th Cir. 2020) (citing Martinez v. Berryhill, 699 F. App'x 775, 776 (10th Cir. 2017)).

The preferred method is for the court to award Attorney Duncan 25% of the past due benefits and require him to refund the amount of the EAJA fees to the plaintiff. Before the court can order any award, however, it must

understand how Attorney Duncan arrived at the conclusion that 25% of the past due benefits amount is $10,725. The court will deny Attorney Duncan's motion without prejudice and require him to file a second amended motion for attorney fees, keeping in mind both the §406(b) requirements and that fact that the "netting" method is disfavored by the Seventh Circuit.

**III. Conclusion**

The court **DENIES WITHOUT PREJUDICE** the plaintiff's amended motion for attorney fees pursuant to §406(b). Dkt. No. 34.

The court **ORDERS** the plaintiff to file an a second amended motion for attorney's fees by the end of the day on **September 16, 2022**.

Dated in Milwaukee, Wisconsin this 1st day of September, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**