CLAUDE MICHAUD,

        Plaintiff,

v.                                                   Case No. 19-cv-1245-pp

KILOLO KIJAKAZI,

        Defendant.

**ORDER GRANTING SECOND AMENDED MOTION FOR ATTORNEY'S FEES UNDER §406(b) (DKT. NO. 38)**

On April 10, 2020, the parties filed a stipulated motion requesting that the court reverse the decision of the Commissioner of Social Security and remand the case to the Commissioner under sentence four of 42 U.S.C. §405(g). Dkt. No. 22. The court granted the stipulated motion for remand three days later. Dkt. No. 23. On May 26, 2020, the parties stipulated to an award of attorney's fees under the Equal Access to Justice Act (EAJA) in the amount of $5,300, dkt. no. 30, which the court approved the next day, dkt. no. 31. The plaintiff received a fully favorable decision on remand, dkt. no. 38 at 2, and the September 19, 2021 Notice of Award stated that the Social Security Administration (SSA) was withholding $12,870.38, which is 25% of the plaintiff's past-due benefits, dkt. no. 34-2 at 2.

On May 15, 2022, the plaintiff filed a motion for attorney's fees under §206(b)(1) of the Social Security Act, 42 U.S.C. §406(b)(1). Dkt. No. 32. Two days later, the plaintiff filed an amended motion for attorney's fees under

1

§406(b)(1). Dkt. No. 34. The Commissioner filed a response indicating no opposition to the plaintiff's motion.[1] Dkt. No. 36. On September 1, 2022, the court denied the amended motion without prejudice because it incorrectly indicated that 25% of the plaintiff's past-due benefits amount was $10,725. Dkt. No. 37 at 4–5. See Dkt. No. 34 at 2 (stating "$10,725.00 (25% of the DIB award)"). The court also noted that the plaintiff's requested "netting" arrangement, in which a net payment to the plaintiff's attorney reflects an offset for the EAJA award rather than refunding that amount to the plaintiff, is "disfavored" by the Seventh Circuit. Id. at 4 (citing O'Donnell v. Saul, 983 F.3d 950, 957 (7th Cir. 2020)). The court ordered the plaintiff to file a second amended motion for attorneys' fees clarifying how Attorney Dana Duncan reached his calculations. Dkt. No. 37 at 5.

On September 15, 2022, the plaintiff filed a second amended motion for attorney's fees under §406(b)(1). Dkt. No. 38. Attorney Duncan seeks an award in the amount of $10,725. Id. at 3. The Commissioner filed a response indicating no opposition to the motion. Dkt. No. 39.

I. **Legal Standard**

An attorney who succeeds in obtaining benefits for a Social Security claimant may recover fees under 42 U.S.C. §406. Section "'406(a) governs fees

---

[1] The Commissioner noted that although the Notice of Award is dated September 19, 2021, the plaintiff did not file a motion for §406(b) attorney's fees until May 15, 2022. Dkt. No. 36 at 1. The Commissioner indicated that she "continues to strongly encourage [Attorney] Duncan to file fee petitions more promptly," but nevertheless concluded that the delay had not significantly prejudiced the plaintiff. Id.

2

for representation in administrative proceedings; § 406(b) controls fees for representation in court.'" Culbertson v. Berryhill, 139 S.Ct. 517, 520 (2019) (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 794 (2002)). The statute provides for a reasonable fee not to exceed 25% of the past-due benefits awarded to the claimant. O'Donnell v. Saul, 983 F.3d 950, 952 (7th Cir. 2020) (citing 42 U.S.C. §406(b)(1)). The fees are deducted from the claimant's benefits and do not constitute an award against the government. Kopulos v. Barnhart, 318 F. Supp. 2d 657, 661 (N.D. Ill. 2004) (citing Watford v. Heckler, 765 F.2d 1562, 1566 (11th Cir. 1985)).

The court must approve any fee under §406(b). Congress did not intend such review to override the claimant and counsel's fee arrangement, but to act as an "independent check" to ensure that the arrangement yielded a reasonable result. Gisbrecht, 535 U.S. at 807. Within the 25% boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Id. In making its determination, the court may consider the character of the representation and the results obtained, reducing the award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time the counsel spent on the case that the fee would constitute a windfall for the attorney. Id. at 808.

## II. Analysis

The plaintiff signed a contract with Attorney Duncan on November 14, 2018, agreeing to a 25% total fee for representation before the agency and the court. Dkt. No. 34-1. The agreement included the following:

> <u>If I lose my administrative hearing and I win my case later, the fee will be twenty-five percent (25%)</u> of *all back benefits* (including DIB, SSI, widows, and dependent) <u>*awarded in my case*</u>.

Id. at 1 (emphases in original). The SSA withheld 25% of the plaintiff's past-due benefits, or $12,870.38, to pay the plaintiff's lawyer. Dkt. No. 34-2 at 2. The plaintiff's second amended motion again states that Attorney Duncan seeks approval for "$10,725.00 (25% of the DIB award) . . . ." Dkt. No. 38 at 2. That is not accurate. But Attorney Duncan clarifies in the next sentence that he "*does not seek the full 25% withheld of $12,870.38* so as not to be seen as asking for a windfall. Instead, Counsel asks for the $10,725.00 based on the rate of $550.00 per hour that is the rough market rate for the region multiplied by the attorney hours of 19.50 put forth in this appeal." Id. at 3 (emphasis added). Attorney Duncan indicated that he expended 19.5 hours on this case. Dkt. No. 34-3 at 2. The full 25% of the plaintiff's past-due benefits, $12,870.38, divided by 19.5 hours, would total approximately $660 per hour. In asking for only $10,725, Duncan seeks an hourly rate of $550.

Section 406(b) places two limitations on attorney's fee awards: (1) a cap of 25% and (2) a reasonableness requirement. The award the plaintiff's counsel has requested plainly satisfies the first of those limitations; it does not exceed the 25% cap.

4

The §406(b) fee requested appears reasonable. The plaintiff's attorney obtained a good result for the plaintiff, with an award of benefits from March 2015 through September 2019. Dkt. No. 38 at 2. The plaintiff agreed to pay 25% of the past-due benefits awarded to him. Dkt. No. 34-1. As previously stated, the overall hourly rate of Attorney Duncan's work is $550. Dkt. No. 38 at 3 (dividing requested $10,725 by 19.5 expended hours). The court finds that this hourly amount is reasonable for the benefit provided to the plaintiff. This court has previously permitted payments in excess of $1,000 per hour. Mentecki v. Colvin, No. 14-cv-1110-pp, 2019 WL 3323874, *2 (E.D. Wis. July 24, 2019) (citing Peterson v. Colvin, No. 12-cv-391 at Dkt. No. 32 (E.D. Wis. Sep. 3, 2015) (approving award resulting in implied hourly rate exceeding $1,000, based upon performance and client approval)); Kolp v. Colvin, No. 12-cv-842, 2015 WL 4623645, at *2 (E.D. Wis. Aug. 3, 2015) (granting in full request for award equating to $1,118.44 hourly rate).

Where the plaintiff's attorney receives fees under both the EAJA and §406(b), the attorney must refund to the plaintiff the smaller fee. Gisbrecht, 535 U.S. at 796; O'Donnell, 983 F.3d at 953. Attorney Duncan indicates he will refund the plaintiff $5,300 for EAJA fees awarded. Dkt. No. 38 at 2. Attorney Duncan also acknowledges the Seventh Circuit precedent cited by the court in its September 1, 2022 order, O'Donnell v. Saul, 983 F.3d 950 (7th Cir. 2020), and withdraws the request for a "netting" arrangement. Id. at 3.

5

### III. Conclusion

The court **GRANTS** the plaintiff's second amended motion for attorney's fees under 42 U.S.C. §406(b) and **APPROVES** the award of $10,725 payable to the plaintiff's attorney by the defendant. Dkt. No. 38.

Upon receipt of the award, the plaintiff's attorney must refund to the plaintiff the $5,300 fee previously awarded under the Equal Access to Justice Act.

Dated in Milwaukee, Wisconsin this 6th day of July, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**